IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNATHAN FRANKLIN,

    Petitioner,

v.

REED RICHARDSON, Warden,
Stanley Correctional Institution,

    Respondent.

OPINION AND ORDER

20-cv-509-wmc

    Petitioner Johnathan Franklin, who is an inmate at the Stanley Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with numerous attachments. (Dkt. #1, Exs. ##1-10.) He has also filed a supporting brief, a document titled "28 U.S.C. § 1254(2) Certified Question," two documents titled "Judicial Notice," and additional exhibits. (Dkts. ##3-6.) According to these submissions, petitioner is serving a 60-year sentence on his conviction of felony murder as party to a crime and aggravated battery, which was entered by the Dane County Circuit Court in 1997, more than 20 years ago. Concurrently, petitioner is serving a 30-year Illinois sentence for attempted first degree murder.

    Petitioner contends that he is in custody in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Pet., dkt. #1.) More specifically, he argues that his Wisconsin sentence is unlawful under the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held that a sentencing court must consider a juvenile's age before sentencing him to a lifetime in prison. Petitioner seems to acknowledge both that he was 18 at the time he committed his Wisconsin crimes *and* that he did *not* receive a life sentence, but nevertheless contends that: (1) he had the "mindframe" of a 15-16 year old; and

1

(2) his 60-year sentence is a "de facto" life sentence. In addition to his 60-year sentence, petitioner appears to be attacking the underlying Dane County conviction itself on grounds that his appellate counsel was ineffective and the trial judge was biased.

However, as one might expect, this is hardly petitioner's first federal petition challenging his conviction. In 2006, petitioner filed a habeas petition in the Eastern District of Wisconsin, which was denied as untimely, and on January 5, 2007, the Seventh Circuit denied petitioner's certificate of appealability. (5/15/20 Order, *Franklin v. Pollard*, Case No. 06-C-752 (E.D. Wis.) (attached to Pet. (dkt. #1), exh. 8.) In 2012, and then again in 2020, petitioner also asked the Eastern District to "vacate" its judgment under Rule 60(b), which the court refused to do, finding that the motion was untimely or a second or successive petition for which petitioner had not obtained leave to file from the court of appeals. *Id*.

Petitioner's current attempt to obtain relief from this court runs into the same obstacle. Under 28 U.S.C. § 2244(b), a petitioner who wishes to file a second or successive habeas petition must first get permission from the court of appeals. Not every prior petition "counts" – for example, those suffering from technical or procedural deficiencies that the petitioners can rectify before refiling – but "a prior untimely petition *does* count because a statute of limitations bar is not a curable technical or procedural deficiency"; rather, it "operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam)(emphasis added); s*ee also Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017) (petition filed after first petition dismissed as untimely was second or successive petition that required authorization by court of appeals); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (same); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) (same); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (same);

*McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (same); *Murray v. Greiner*, 394 F.3d 78, 79 (2d Cir. 2005) (same); *but see Gonzalez v. Crosby*, 545 U.S. 524, 533 n. 6 (2005) (in deciding propriety of Rule 60(b) motion, finding it unnecessary to consider petitioner's contention that the district court's prior dismissal of his petition as untimely should not count for purposes of applying the "second or successive" bar, while noting that "if [petitioner's] argument is correct, petitioner would be able to file not just a Rule 60(b) motion, but a full-blown habeas petition, without running afoul of § 2244(b).")(citing *Grenier*, 394 F.3d at 81). As these cases make clear, the dismissal of petitioner's 2006 petition by the Eastern District on grounds that it was untimely "counts" as a prior petition, making the instant petition a "second or successive" petition requiring authorization by the Seventh Circuit Court of Appeals.

Finally, petitioner is not relieved from this requirement merely because he purports to seek relief based on a new rule of constitutional law that he claims was unavailable at the time he pleaded guilty. Although reliance on a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" is one of the exceptions to the rule prohibiting second or successive petitions, only the court of appeals is authorized to decide whether that exception applies. Accordingly, the petition must be dismissed as a second or successive petition for which petitioner failed to obtain authorization to file under 28 U.S.C. § 2244(b)(3)(A).[1]

---

[1] Wholly without merit is petitioner's alternative suggestion that this court can somehow consider his petition based on a civil suit for damages filed in this court in 2012. *See Franklin v. Burr*, 535 F. App'x 532, 533 (7th Cir. 2013) (finding suit not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but was untimely because it was filed outside 6-year time limit for § 1983 litigation). Petitioner does not cite, nor is this court aware of, any case holding that a district court can retroactively convert a nine-year old, closed civil suit for damages into a § 2254 petition. Moreover, even if the court *could* deem petitioner's 2012 civil suit a habeas petition, and treat it as having been filed at that time, it *still* would have been filed at least 10 years too late. *See* 28 U.S.C. § 2244(d).

ORDER

IT IS ORDERED that Johnathan Franklin's petition for a writ of habeas corpus is DISMISSED as an unauthorized second or successive application under 28 U.S.C. § 2244(b)(3)(A).

Entered this 9th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge